# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 23, 2014 Session

## WILLIAM D. STALKER, ET AL. v. DAVID R. NUTTER, ET AL.

**Appeal from the Chancery Court for Sumner County**
**No. 2008C1    Tom E. Gray, Chancellor**

---

### No. M2013-02463-COA-R3-CV - Filed August 21, 2014

---

In this non-jury case, builders of a home appeal the dismissal of their breach of contract claim against the prospective buyers, the court's determination that the builders breached the construction and sale agreement, and the order awarding the earnest money deposit to the buyers. Finding no error, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Stephen E. Grauberger, Mt. Juliet, Tennessee, for the appellants, William D. Stalker and Stephen L. Young.

John R. Phillips, Jr. and Brandon R. Meredith, Gallatin, Tennessee, for the appellees, David R. Nutter and Tamara D. Nutter.

## MEMORANDUM OPINION[1]

This case, wherein William Stalker and Stephen Young, builders of a home ("Plaintiffs") which David and Tamara Nutter ("Defendants") had contracted to purchase, sued Defendants for breach of contract, is before the court for the second time. The facts underlying the case and procedural history are found at *Stalker v. Nutter*, No. M2012-00170-

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

COA-R3-CV, 2013 WL 1716747 (Tenn. Ct. App. Apr. 19, 2013). In the first appeal, we affirmed the trial court's decision to allow Defendants to amend their answer to assert a counterclaim and vacated the judgments ordering Plaintiffs to return Defendants' earnest money deposit and awarding Defendants their attorney fees and costs. The case was remanded for the court to make detailed findings of fact and conclusions of law in accordance with Tenn. R. Civ. P. 41.02(2) and 52.01 relative to the determination that Plaintiffs breached the Purchase and Sale Agreement.

Pursuant to the order of remand, the trial court issued a Memorandum on August 29, 2013, making findings of fact and conclusions of law; the court subsequently entered a Final Order and Judgment dismissing Plaintiffs' claim, holding that Defendants were entitled to the return of their earnest money, and holding that Defendants were entitled to their reasonable attorney fees and expenses.[2] Plaintiffs appeal, asserting the following issues:

1. Whether the trial Court erred in finding the Plaintiffs failed to prove a breach of contract by Defendants.

2. Whether the trial Court erred in finding that Plaintiffs breached the contract.

## DISCUSSION

### I. STANDARD OF REVIEW

Our scope of review for factual findings made by a trial court sitting without a jury is *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006). If the trial court made no specific findings of fact, then we must look to the record to "determine where the preponderance of the evidence lies." *Forrest Construction Co., LLC v. Laughlin*, 337 S.W.3d 211, 220 (Tenn. Ct. App. 2009). We review a trial court's conclusions of law *de novo*, with no presumption of correctness. *Kaplan*, 188 S.W.3d at 635.

### II. ANALYSIS

The trial court made the following findings relative to the causes of action for breach of contract:

_____

[2] The court did not enter judgment for Defendants for fees and costs in light of the fact that Defendants' claim against Plaintiffs had been discharged in bankruptcy.

The Court finds that the Plaintiffs were building a speculative home on real property known as 129 Bay Drive in Hendersonville, Sumner County, Tennessee. Defendants/Counter-Plaintiffs, David R. Nutter and Tamara D. Nutter became interested in purchasing the property. On or about the 10th day of April, 2007 the builders, William D. Stalker and Stephen L. Young and the Nutters entered into a New Construction Purchase and Sale Agreement for the sale of the property and the partially built home at 129 Bay Drive, Hendersonville, Tennessee. Pursuant to the Agreement the Nutters remitted an earnest money deposit in the amount of $10,000.00 on the 10th day of April, 2007. The purchase price was $1,850,000.00 and the closing date was set for the 30th day of September, 2007.

The Agreement provided that any change or alteration to the house must be submitted in writing and signed by Builders, Stalker and Young and the Nutters.

On the 22nd day of May, 2007, the Nutters entered into a written modification of the 10th day of April, 2007, Agreement. This Modification/Addendum provides among other changes for an increased final sales price of $1,870,000.00.

After execution of the Modification/Addendum Plaintiffs/Counter-Defendant began to issue change orders and demanding payments over and above that negotiated in the Final Contract price of $1,870,000.00. Construction work which the parties had previously agreed would be included in the Final Contract price of $1,870,000.00 was charged by Builders.

The home was to close on or before the 30th day of September, 2007. The house was not completed for closing on the 30th day of September, 2007. Extension to the 31st day of October, 2007 was granted by the buyer, David and Tamara Nutter. The house was not completed in October, 2007.

The Nutters were to obtain a loan in the principal amount of 90% of the purchase price. The Nutters had not been able to secure a commitment of 90% from any lenders by the 30th day of September, 2007.

The parties agreed (Section 24D) that "time is of the essence of this agreement."

***

3

The Plaintiffs/Counter-Defendants did not have the residence completed at 129 Bay Drive, Hendersonville, TN 37075 on or before the 30th day of September, 2007; and the residence was not completed before the 30th day of October, 2007; it was not completed in January, 2008.

\*\*\*

Defendant/Counter-Plaintiff by the 30th day of September, 2007 had not obtained financial commitment for in principal amount of 90% of the purchase price, but this did not constitute a Breach of Contract.

\*\*\*

The contractual provisions related to these issues are set forth in Sections 3 and 26 of the "New Construction Purchase and Sale Agreement" which provide in pertinent part:

**Section (3) Deposit Money**
Buyer has or will pay within 20 days after the Binding Agreement Date to RE/MAX Elite ("Holder") located in Franklin, TN a deposit of $10,000.00 by check.
\*\*\*
Holder shall reimburse Deposit Money only as follows:

(a) At closing;
(b) Upon a written agreement signed by all parties having an interest in the funds;
(c) Upon order of a court or arbitrator having jurisdiction over any dispute involving the Earnest Money;
(d) Upon a reasonable interpretation of the Agreement; or
(e) Upon the filing of an interpleader action with payment to be made to the clerk of the court having jurisdiction over the matter.
\*\*\*

Plaintiff/Counter-Defendant overcharged change order payments. They claimed $95,332.72 and demanded payment claiming that non-payment was justification not to complete according to the contractual provisions. Plaintiff/Counter-Defendants claimed $95,332.72 was owed and they admitted that $95,332.72 was wrong by at least $35,058.71.

4

In Section 26 of the Agreement states that if the Buyer defaulted the Deposit Money would be forfeited and the Seller may sue in Contract or tort for additional damages including reasonable Attorney fees. The Section 26 reads also that if Seller should default Buyer may sue for damages including reasonable Attorney fees.

**Section 26 Default.**
Should Buyer default hereunder, the Deposit Money shall be forfeited as partial liquidated damages to the Seller and Seller may sue, in contract or tort, for additional damages or specific performance of the Agreement, or both. Should Seller default, Buyer's Deposit Money shall be refunded to the Buyer and Buyer may sue, in contract or tort, for damages or specific performance of this Agreement, or both. In the event that any party hereto shall file suit for breach or enforcement of this Agreement (including suits filed after closing which are based on or related to the Agreement), the prevailing party shall be entitled to recover all costs of such enforcement, including reasonable Attorney's fees.

Plaintiffs cite the testimony of Mr. Stalker, project manager Christopher Wilson, and their listing agent John Pegram to show that Defendants breached the contract by failing to pay for the requested change orders and by failing to complete the purchase of the home.

With respect to Plaintiffs' argument that Defendants breached the contract by not complying with the change order provision at Section 9 of the contract[3], the testimony of Mr. Stalker and Mr. Wilson was that the Plaintiffs did not insist on compliance with Section 9

---

[3] 9. Change Orders.

Buyer agrees that any request for changes or alterations ("change orders") to the residence will be set forth in writing and delivered to Seller. Any requested change order must be in writing and signed by Buyer and Seller. No subcontractor, workman, or material man has authority to agree on behalf off Seller in any change order. Buyer agrees that all change orders requests must be presented to Seller so as to allow Seller adequate lead time to schedule the change orders into the normal building sequence. Seller has the right to refuse to make changes/alterations that are requested. Buyer agrees to pay Seller in advance of the performance of work necessitated by agreed change orders and further understands that there will be no refund, under any circumstances, of payment made by Buyer for change orders. Buyer further acknowledges that any work done on the home pursuant to change orders or additions may not increase the appraised value of the Property. Seller shall not be responsible if increased in the price of the Property due to change orders or additions are not reflected in the appraised value of (and resulting available loan for) the Property.

and made requested changes without the necessity of a writing or being paid in advance; the testimony supports the court's determination that Defendants did not breach the contract first.

The contract contained a closing date of September 30, 2007; Section 10 of the contract, headed "Delays", provided that the closing date could be extended to no later than 30 days after the closing date in the event of delays caused by, *inter alia*, Buyers' change orders or selection of materials. Mr. Stalker testified that the change orders and delays in selecting materials delayed completion of the home by three months, as a result of which the home was not completed by October 31, 2007. Plaintiffs, however, had the right, under Section 9 of the contract, to refuse to make the changes or alterations and chose not to do so; Defendants' actions, as found by the court, were not a breach of the contract and do not excuse Plaintiffs' failure to complete the home by the contract date.

We have reviewed the evidence cited by the parties as well as the exhibits introduced in the trial; the evidence does not preponderate against the trial court's findings that Plaintiffs breached the contract by not completing the house by the closing date and that Plaintiffs sought payment for change orders in which they overcharged the Defendants.

Plaintiffs also contend that the trial court erred in awarding Defendants the $10,000.00 earnest money deposit; we disagree. Section 26 of the contract provided that if the seller defaulted, the buyer would be entitled to the earnest money deposit in addition to the right to sue for other damages or specific performance of the contract. The award was in accordance with the contract and the finding that Plaintiffs breached the contract.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
RICHARD H. DINKINS, JUDGE

6